IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIN MCLUCAS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KINDRED HEALTHCARE, INC., et al., | : | NO.  11-7496 |
| Defendants. | : | |

## MEMORANDUM

PRATTER, J.                                                                          APRIL 15, 2013

      Plaintiff Christin McLucas, a female nurse, is suing her former employers and former manager for sexual harassment and retaliation in violation of Title VII and the Pennsylvania Human Relations Act ("PHRA").  Ms. McLucas also brings an intentional infliction of emotional distress claim against the defendants.  On June 29, 2012, William Wilson, Ms. McLucas's counsel, filed a motion to withdraw because, counsel claims, Ms. McLucas would no longer communicate with him.  The Court has since held two hearings on the withdrawal motion and given Ms. McLucas ample time to reestablish communications with Mr. Wilson, to no avail. Given these circumstances, and for the reasons that follow, the Court grants counsel's pending motion to withdraw.

## I.  Factual Background and Procedural History

      Ms. McLucas filed her complaint in this matter on December 7, 2011, while she was represented by Mr. Wilson.  The Court held an initial pretrial conference with counsel for the parties on April 13, 2012 and issued a scheduling order that set a discovery deadline of July 30, 2012, a dispositive motion deadline of August 31, and a trial pool date of October 2.  However, Mr. Wilson moved to withdraw as counsel for Ms. McLucas on June 29, 2012 because Ms. McLucas had not responded to his communications for almost two months.  Specifically,

according to counsel, Ms. McLucas failed to respond to four emails sent by Mr. Wilson, eight telephone calls made by Mr. Wilson, and a letter from Mr. Wilson, who also sent Ms. McLucas a draft of his motion to withdraw one week before he filed it with the Court.

On July 5, 2012, the Court entered an order scheduling a hearing for July 20 to address the motion to withdraw.  The order required Mr. Wilson to serve both it and his motion on Ms. McLucas by email, certified mail, and regular mail, and mandated that Ms. McLucas attend the hearing.  On July 13, 2012, Mr. Wilson filed an affidavit stating that he had served Ms. McLucas with his motion and the Court's order.  Ms. McLucas failed to appear in court on July 20, and there was no communication from her to the Court.

At the July 20 hearing, Mr. Wilson recounted his efforts to contact Ms. McLucas and suggested the case be put into suspense status in hopes that his client would eventually resurface.[1]  Following the hearing, the Court placed the case into suspense by way of an order that also required Mr. Wilson to continue his attempts to contact Ms. McLucas.  Both the Court and Mr. Wilson transmitted a copy of this order to Ms. McLucas.

On February 4, 2013, the Court scheduled a second hearing for March 6 on the motion to withdraw and again ordered Ms. McLucas to attend the hearing.  Ms. McLucas ignored the order and failed to appear.  During the March 6 hearing, Mr. Wilson stated that he was finally able to meet with Ms. McLucas on December 31, 2012, at which point she had expressed a desire to continue litigating this case.  However, Ms. McLucas once again disappeared after her New Year's Eve meeting with Mr. Wilson.  Mr. Wilson stated that he has been unable to communicate with Ms. McLucas since the December 31 meeting.

---

[1] Defense counsel agreed that the case should be put into suspense status for a reasonable amount of time.

## II.  Legal Standard

Under this District's Local Rules of Civil Procedure, an "attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this court shall at the same time enter an appearance for the same party."  Local R. Civ P. 5.1(c).  Whether to permit an attorney to withdraw must be determined with reference to the underlying purpose of Local Rule 5.1, which includes "ensuring effective court administration."  *See Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d Cir. 1986); *see also Carter v. City of Philadelphia*, No. 98-2903, 2000 WL 537380, at * 1 (E.D. Pa. Apr. 25, 2000); *Greene v. Rubin*, No. 95-2415, 1995 WL 723188, at * 1 (E.D. Pa. Dec. 5, 1995).  In adjudicating an attorney's motion to withdraw, the Court should consider: (i) the reasons withdrawal is sought; (ii) the prejudice withdrawal may cause to the litigants; (iii) the harm withdrawal might cause to the administration of justice; and (iv) the degree to which withdrawal will delay resolution of the case.  *See Carter*, 2000 WL 537380, at *1; *Greene*, 1995 WL 723188, at *1.

## III.  Discussion

Given the history of this case, the Court will grant the motion to withdraw based on the factors discussed in *Greene* and *Carter*.  Mr. Wilson has provided compelling reasons for his withdrawal, given that Ms. McLucas has all but ignored his attempts to communicate with her for the past 11 months.  Moreover, withdrawal will not unduly harm the administration of justice or delay the resolution of this case.  Mr. Wilson is essentially serving as a counsel without a client, and in such a situation counsel cannot make the case proceed more efficiently than it would if Ms. McLucas was represented by another lawyer or was a *pro se* litigant.  Finally, withdrawal will not overly prejudice Ms. McLucas, as her silence already has rendered Mr.

Wilson ineffective and essentially left him unable to litigate her case.  For the same reasons, permitting Mr. Wilson to withdraw will not visit undue prejudice on the Defendants either.

**IV.  Conclusion**

For the foregoing reasons, Mr. Wilson's motion to withdraw is granted.

An Order consistent with this Memorandum follows.


BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

4