IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTIN MCLUCAS,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **KINDRED HEALTHCARE, INC., et al.,** | : | **NO. 11-7496** |
| Defendants. | : | |

## MEMORANDUM

PRATTER, J.                                                                                          SEPTEMBER 5, 2013

Based upon *pro se* Plaintiff Christin McLucas's non-involvement in this litigation, the Defendants have filed a motion to dismiss the case pursuant to Federal Rule of Civil Procedure 41(b). Despite notice and opportunity, and not unlike her approach to other aspects of this case, Ms. McLucas has not responded to this motion. For the reasons that follow, the motion is granted.

## I. Factual Background and Procedural History

Ms. McLucas filed her complaint in this matter on December 7, 2011, while she was represented by William Wilson. The Court held an initial pretrial conference with counsel on April 13, 2012 and issued a scheduling order that set a discovery deadline of July 30, 2012, a dispositive motions deadline of August 31, 2012 and a trial pool date of October 2, 2012. However, Mr. Wilson moved to withdraw as counsel for Ms. McLucas on June 29, 2012 because, according to Mr. Wilson, Ms. McLucas had not responded to his communications for almost two months at that point. Specifically, according to counsel, Ms. McLucas failed to respond to four emails sent by Mr. Wilson, eight telephone calls made by Mr. Wilson, and a letter from Mr. Wilson, who also sent Ms. McLucas a draft of his motion to withdraw one week before he filed it with the Court.

1

On July 5, 2012, the Court entered an order scheduling a hearing for July 20, 2012 to address counsel's motion to withdraw. The order required Mr. Wilson to serve both it and his motion on Ms. McLucas by email, certified mail, and regular mail, and mandated that Ms. McLucas attend the hearing. On July 13, 2012, Mr. Wilson filed an affidavit stating that he had, as required, served Ms. McLucas with his motion and the Court's order. Ms. McLucas failed to appear on July 20, 2012 and there was no communication from her to the Court.

At the July 20 hearing, Mr. Wilson recounted his efforts to contact Ms. McLucas and suggested the case be put into suspense status in hopes that his client would eventually resurface.[1] Following the hearing, the Court placed the case into suspense by way of an order that also required Mr. Wilson to continue his attempts to contact Ms. McLucas. Both the Court and Mr. Wilson transmitted a copy of this order to Ms. McLucas by directing it to her last known address.

On February 4, 2013, the Court scheduled a second hearing for March 6, 2013 on the motion to withdraw and again ordered Ms. McLucas to attend the hearing. Ms. McLucas ignored the order and failed to appear. During the March 6 hearing, Mr. Wilson stated that he was finally able to meet with Ms. McLucas on December 31, 2012, at which point she had expressed a desire to continue litigating this case. However, Ms. McLucas once again disappeared – at least for purposes of this litigation – after her New Year's Eve meeting with Mr. Wilson. Mr. Wilson stated that he has been unable to communicate with Ms. McLucas since the December 31 meeting.

On April 15, 2013, the Court granted Mr. Wilson's motion to withdraw. In its order granting the motion, the Court set a discovery deadline of June 10, 2013, as well as a dispositive

---

[1] Defense counsel agreed that the case should be put into suspense status for a reasonable amount of time.

motions deadline of July 12, 2013. The Court ordered the Clerk of Court to mail the order to Ms. McLucas.

On June 7, 2013, the Defendants filed the instant motion to dismiss. The motion and its supporting exhibits show that Ms. McLucas was served with discovery responses on May 2, 2013 and that a deposition notice was delivered to her address on May 9, 2013. Ms. McLucas never appeared at her deposition. Ms. McLucas also failed to respond to a subsequent attempt to reschedule her deposition, leading the Defendants to file this motion.

## II. Legal Standard

Under Rule 41(b), a defendant may move to dismiss an action when "the plaintiff fails to prosecute or to comply with these rules or a court order." When Rule 41(b) is invoked, the Court often is required to consider certain specific factors established by the Third Circuit Court of Appeals. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). However, the Court need not undertake a *Poulis* analysis when a plaintiff willfully refuses to prosecute his action. *See Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994) (affirming the district court's decision to *sua sponte* dismiss some of the plaintiff's claims, because "in contrast to situations in which a court must balance factors because the plaintiff does not desire to abandon her case but has encountered problems in going forward, [the plaintiff] willfully refused to prosecute her remaining claims after receiving an adverse ruling by the district court").

## III. Discussion

As the procedural history of this case illustrates, Ms. McLcuas has entirely disengaged from this action. The Court is satisfied that Ms. McLucas's conduct demonstrates that she does not intend to proceed in prosecuting her case. She has failed to comply with the Court's orders and has not cooperated with the Defendants on discovery matters. Such behavior has forced the

opposing parties to engage in costly and time consuming motion practice to achieve dismissal of the claims against them. Moreover, the Defendants have been prejudiced by Ms. McLucas's lack of cooperation. This is particularly true for discovery purposes, as the Defendants are handicapped in defending Ms. McLucas's claims when she will not even submit to a deposition to answer the most basic questions about her case. Because of the burden that the Defendants would face in continuing their defense without Ms. McLucas's required cooperation, it would be inappropriate to prolong this action. Accordingly, the Court will grant the motion to dismiss. *See Shipman v. Delaware*, 381 F. App'x 162, 163-64 (3d Cir. 2010) (dismissing a case under similar circumstances for lack of prosecution); *Joobeen v. City of Phila.*, No. 09-1376, 2011 U.S. Dist. LEXIS 19216, at *9-10 (E.D. Pa. Feb. 28, 2011) (same).

**IV. Conclusion**

For the foregoing reasons, the Defendants' motion to dismiss is granted. An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge